UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OLIVIA FOXWORTH, and ) | |
| SALEEM HICKMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV423-341 |
| ) | |
| BROOKSIDE PROPERTIES, ) | |
| and SAVANNAH, CHATHAM ) | |
| COUNTY,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiffs Oliva Foxworth and Saleem Omari Hickman jointly filed a Complaint seeking damages for a "wrongful eviction." *See generally* doc. 1. However, the Complaint is deficient for several reasons. First, although Foxworth is listed as a plaintiff, only Hickman signed the Complaint. *See* doc. 1 at 4. As discussed below, as a *pro se* litigant, Hickman may not assert claims on Foxworth's behalf. To the extent that Foxworth wishes to pursue any claims asserted in the Complaint, she

---

[1] The Clerk listed "Savannah, Chatham County" as a separate defendant on the docket. *See generally* docket. However, the Complaint only names "Brookside Properties a/a/f Largo Pointe" as a defendant. *See* doc. 1 at 1-2. "Savannah, Chatham County," is listed in Brookside Properties' address. *Id.* at 2. The Clerk is, therefore, **DIRECTED** to remove "Savannah, Chatham County" as a defendant in this action.

must sign the pleading. Second, the Complaint fails to sufficiently establish any basis for this Court's subject matter jurisdiction. Therefore, to the extent that Plaintiffs wish to pursue this case, they, or either of them, must submit an amended complaint. Finally, Hickman also moved to pursue this case *in forma pauperis*, but he provided insufficient information in his Motion to proceed *in forma pauperis*, and therefore the motion should be **DENIED**. Doc. 2.

Hickman's application to proceed *in forma pauperis* is largely blank. *See generally* doc. 2. He states that he and Foxworth are employed and that they "both are real estate wholesalers, generating $10,000 per [deal] at least one deal every 4 months." *Id*. at 1. He states that Foxworth "is a beauty merchant who sells her own accessories such as earrings, nose rings, [and] necklaces," but he does not indicate what her monthly income from those sales is. *See id*. The Court, therefore, calculates that Hickman's average monthly income is approximately $2,500 per month and their joint monthly income is at least that amount. He states that he has $258.00 in cash or in a checking or savings account. *Id*. at 2. He lists no other assets or monthly expenses. *Id*. Given the somewhat implausible implication that his income is several thousand

dollars per month without any offsetting expenses, neither Hickman individually is, nor Plaintiffs jointly are, indigent.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and

spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that Hickman and Foxworth have sufficient discretionary income and available funds to pay the Court's filing fee, his application to proceed *in forma pauperis* should be **denied**.[2] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

Regarding the Complaint's deficiencies, although parties are authorized by statute to pursue cases *pro se*, that authorization is limited to "their own cases." 28 U.S.C. § 1654. The Eleventh Circuit has explained that "[t]he provision appears to provide a personal right that

---

[2] If either plaintiff believes the Court has misconstrued their financial situation, the opportunity to object to this Report and Recommendation, discussed below, provides an opportunity to clarify it. Plaintiffs are reminded that any submission regarding their finances must be truthful. To the extent that either plaintiff wishes to clarify their financial condition, they are **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send two blank copies of Form AO 239 with this Report and Recommendation for their convenience. To the extent that Hickman wishes to amend any of his prior disclosures, he must also explain why he did not fully or accurately disclose the information on his first application.

does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008); *see also, e.g., Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se* . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." (citations omitted)). If either party wishes to pursue this case, they must submit an amended complaint sufficiently alleging a basis for this Court's subject matter jurisdiction. Foxworth must sign that amended pleading to pursue any claim she asserts.

The Complaint contains another fundamental defect which must be addressed as well: Hickman's jurisdictional allegations are insufficient. The Complaint alleges that "[t]he defendants [sic] neglected the administrative process taken by the plaintiffs and refused the tender of payment extended by plaintiffs, which led to the wrongful eviction of plaintiffs." Doc. 1 at 3. Although not presented clearly, the Court can discern that Hickman asserts a "wrongful eviction" claim. Moreover, the only defendant listed in the Complaint is "Brookside Properties a/a/f Largo Pointe," with an address in Savannah, Georgia. Doc. 1 at 1-2. There is no specific monetary amount of damages sought. *See* doc. 1 at 4

("To relief [sic] this situation, the plaintiffs would like to be compensated all rights, titles, equity, interest, & estates owed for the wrongful eviction.").

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'"

(quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. While the Complaint does not include any explicitly asserted basis for the Court's subject matter jurisdiction, the Civil Cover Sheet inexplicably asserts "U.S. Government Plaintiff," as the sole basis. *See* doc. 1 at 6; *see also id.* at 2-3 (leaving blank section of the form complaint concerning subject matter jurisdiction). Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). However, "[a] claim for wrongful eviction does not present a federal question; nor does it turn on the construction of federal law . . . ." *Hirsh v. Hargett*, 2018 WL 5778224, at *2 (C.D. Cal. Nov. 1, 2018); *Morse v. Belfi*, 2010 WL 11632761, at *2 (E.D.N.Y. July 29, 2010) ("[W]rongful eviction is a state

law claim and does not ordinarily give rise to federal question jurisdiction."); *Galland v. Margules*, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

Alternatively, the Court may entertain a claim which does not implicate a federal question if diversity exists between the plaintiff and defendants. To establish diversity jurisdiction, a plaintiff must allege that all plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). The Complaint omits any information concerning the citizenship of either party. *See* doc. 1 at 2-3. Hickman lists a residential address in Savannah, Georgia for both himself and Foxworth. *See id.* at 1. Residence alone is insufficient to allege an individual party's citizenship. *See, e.g., Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,'" and "[f]or adults, domicile is established by physical presence in a place in connection with a certain

state of mind concerning one's intent to remain there." (citations omitted)).  Moreover, although the Complaint includes a business address for the defendant entity, it does not indicate what type of entity it is.  Allegation of citizenship for entities varies by the type of entity, *i.e.,* a corporation, limited liability company, limited partnership, etc.  *See, e.g.,* 28 U.S.C. § 1332(c)(2); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).  The allegation of a business address is, therefore, insufficient to support diversity jurisdiction.  *See, e.g., IndyMac Venture, LLC v. Mulligan*, 2019 WL 4648419, at *4 (E.D.N.Y. Aug. 30, 2019) (even for a corporation, "allegations based on its business address . . . fall short of pleading citizenship as they neither allege [defendant's] state of incorporation nor its principal place of business.").  In the absence of any allegation concerning the amount in controversy, Hickman has obviously failed to plead that it exceeds $75,000 as well.  *See* doc. 1 at 4.

    Because Hickman has failed to plead any sufficient basis for this Court's jurisdiction, his pleading is subject to dismissal.  *See* Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  However, he

might amend his Complaint to possibly establish a basis for the Court's jurisdiction by providing details as to the amount in controversy and the citizenship of the parties. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Hickman[3] is **DIRECTED** to file an Amended Complaint no later than January 2, 2024. The Clerk is **DIRECTED** to enclose a copy of Form Pro Se 1 (Complaint for Civil Case) for Hickman convenience in preparing his amendment. Hickman is advised that this amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely—and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). He is further advised that failure to timely comply with this Order may result in dismissal of his case for failing to

---

[3] As explained above, to the extent that Foxworth wishes to pursue any claims in this case, she must sign the amended pleading herself.

obey a court order or failure to prosecute this case. *See* Fed. R. Civ. P. 41(b).

In summary, to proceed in this Court, the plaintiffs are directed to comply with the following instructions. Hickman may not proceed on Foxworth's behalf. To the extent that she asserts any claims, she must sign a pleading asserting them. Next, Hickman, or Hickman and Foxworth, must also submit an Amended Complaint pleading a sufficient basis for this Court's subject matter jurisdiction. They, or either of them, are **DIRECTED** to submit an Amended Complaint no later than January 2, 2024. Based on their present Application to Proceed *In Forma Pauperis*, submitted by Hickman but disclosing limited information about Foxworth's finances, his request should be **DENIED**, (doc. 2), but he may object to the Court's recommendation in this regard within 14 days.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 4th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA